UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD BREWER AND ABIGAIL BREWER, ON BEHALF OF THEIR MINOR CHILDREN, A.V., IV AND A.V., AND ON BEHALF OF THE ESTATE OF THERESA ZAR | CIVIL ACTION<br><br>NO. 24-2689<br><br>SECTION: "J"(5) |
| VERSUS | |
| CITY OF SLIDELL ET AL. | |

### ORDER & REASONS

Before the Court are Defendants, City of Slidell, Slidell City Jail, Slidell Police Department, Chief of Police Randy Fandal (incorrectly identified as "Randall" Fandal), Officer Nicole Dupuy, Officer Andrew Callaway, and Officer Robert Hass, (collectively referred as "Defendants")'s *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 17)**, an opposition thereto (Rec. Doc. 21), and a reply (Rec. Doc. 22). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises from tragic events that occurred during the pre-trial detention of Theresa Zar on November 21, 2023, in the Slidell City Jail. Theresa Zar died of fentanyl intoxication while under the care and custody of the Slidell City Jail. Surveillance footage from the jail captured Ms. Zar acquiring and consuming the illicit drugs provided by another inmate, Sarah Blackmon. Ms. Zar subsequently died during her confinement. Ms. Zar's death was not discovered until a new cellmate

1

attempted to wake her up the following morning. Surveillance footage shows that Ms. Zar was lying motionless in bed for approximately sixteen hours. The autopsy report concludes Ms. Zar died of fentanyl intoxication.

Plaintiffs, Chad Brewer and Abigail Brewer, on behalf of minor children, A.V., IV, and A.V.,[1] and on behalf of the Estate of Theresa Zar filed this civil rights action, asserting claims against the Defendants pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments, and pursuant to Louisiana state law. In addition to City of Slidell, Slidell Police Department, and Slidell City Jail (together herein referred to as "City of Slidell"), Plaintiffs named as defendants Randy Fandal, as the Chief of the Slidell Police Department; and Officers Nicole Dupuy, Andrew Callaway, and Robert Hass, as corrections officers for the Slidell City Jail. (Rec. Doc. 11, at 2).

In Count I of the Complaint, Plaintiffs allege the Defendants violated 42 U.S.C. § 1983, resulting from deliberate indifference to Ms. Zar's medical needs in violation of the Eighth and Fourteenth Amendments, when Defendants, acting under color of state law, failed to conduct "physical walkthroughs, ignored clear signs of distress, and did not take reasonable measures to protect Ms. Zar, despite the obvious need for intervention." (Rec. Doc. 11, at ¶ 36). Plaintiffs argue "Defendants' actions. . .were motived by evil motive or intent or involved reckless or callous indifference to Ms. Zar's federally-protected rights." *Id.* at ¶ 39.

---

[1] A.V., IV and A.V. are Ms. Zar's biological children but have been adopted by Plaintiffs, Chad Brewer and Abigail Brewer.

In Count II, Plaintiffs allege a violation of 42 U.S.C. § 1983 for Defendants' failure to protect Ms. Zar when failing to thoroughly search Ms. Blackmon and allowing drugs to enter the jail, and when failing to perform sufficient cell checks. *Id.* at ¶¶ 41–51. The Complaint specifically alleges that Officer Nicole Dupuy performed the inadequate strip search on Ms. Blackmon when she entered the facility. *Id.* at ¶ 13.

In Count III, Plaintiffs allege a *Monell* claim, arguing Defendants, City of Slidell, Slidell Police Department, and Chief Randy Fandal, failed to enforce proper protocols and maintained policies/practices that were "the moving force behind the violation of Ms. Zar's constitutional rights." *Id.* at ¶ 55. Specifically, Plaintiffs argue that such defendants (1) failed to enforce/implement proper cell-check protocols; (2) allowed correction officers to rely on inadequate visual checks instead of mandated physical walkthroughs; (3) failed to properly train and supervise correction officers to ensure compliance with safety protocols; and (4) maintained deficient policies allowing drugs to be smuggled into the jail. *Id.* at ¶ 55–57.

In Count IV, Plaintiffs allege a violation under 42 U.S.C. § 1983 for failing to provide proper training to correction officers. *Id.* at ¶¶ 58–64.

In Count V, Plaintiffs allege a violation under 42 U.S.C. § 1983 for failure to adequately supervise the correction officers. *Id.* at ¶¶ 65–69.

In Count VI, Plaintiffs bring a survival action, pursuant to La. Civ. Code Ann. art. 2315.1, for the Defendants' negligent and wrongful conduct towards Ms. Zar—

specifically alleging "she ingested drugs smuggled into the facility and was not monitored or checked for over (16) sixteen hours." *Id.* at ¶ 73.

In Count VII, Plaintiffs allege a wrongful death action, pursuant to La. Civ. Code Ann. art. 2315.2, for Defendants' wrongful conduct in failing to provide adequate supervision, care, custody, control, protection, and assistance to Ms. Zar that which directly caused her untimely death. *Id.* at ¶ 78.

Lastly, Plaintiffs seek an award of attorney's fees and costs under 42 U.S.C. § 1988(b), in addition to general damages. *Id.* at ¶ 80. Plaintiffs also seek recovery of Ms. Zar's funeral expenses, loss of income as well as punitive damages against the individual Defendants in their individual capacities. *Id.*

In this instant motion, Defendants argue the Complaint fails to state a claim for relief against the Defendants; therefore, the Complaint should be dismissed, in its entirety, with prejudice. (Rec. Doc. 17-1, at 5). Specifically, Defendants argue (1) the Complaint does not allege sufficient facts to support a § 1983 claim against the City of Slidell, or any individual defendant; (2) the failure to treat Ms. Zar does not overcome the defendants' qualified immunity as the constitutional right at issue is not "clearly established"; (3) the failure to supervise and train its officers claims are not sufficient to state a claim for relief; and (4) since there is no underlying claim, the survival and wrongful death actions lack merit. (Rec. Doc. 22, at 2).

In response, Plaintiffs argue the motion should be denied because (1) the Complaint "includes specific facts such as the date, location, timeline, identities of involved officers and jail policies that were violated," thus the facts plausibly support

4

a claim for relief under § 1983; (2) qualified immunity does not apply because the right of a pretrial detainee to be protected from serious medical risks, including overdose, is clearly established and the Complaint alleges conduct that violates established constitutional law; and (3) a *Monell* claim is sufficiently pled because the Complaint "identifies the policy maker, the relevant policies and how these policies contributed directly to Ms. Zar's death." (Rec. Doc. 21).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

5

## DISCUSSION

The Court finds that the Complaint, taken as true, fails to plead factual content that plausibly suggest Defendants are liable for the misconduct alleged. Accordingly, the Court finds that the claims against Defendants should be dismissed with prejudice.

The qualified immunity defense protects state officials from civil suit when they could have reasonably believed that their actions were legal. *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citations omitted). When qualified immunity is invoked by a defendant, as it is in this case, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). A state official is entitled to qualified immunity unless (1) the plaintiff alleged a violation of a constitutional right; and (2) that right was 'clearly established' at the time of the alleged violation. *Stapleton v. Lozano,* 125 F.4th 743, 748–49 (5th Cir. 2025) (citing *Cope v. Cogdill*, 3 F.4th 198, 2024 (5th Cir. 2021)). When resolving cases in which the defense of qualified immunity is raised, courts generally first determine the first prong—whether the plaintiff has alleged a deprivation of a constitutional right. *Id.*; *Mayfield v. Currie,* 976 F.3d 482, 493 (5th Cir. 2020) (Willett, J., concurring).

Pretrial detainees, like Ms. Zar, have a constitutional right "not to have their serious medical needs met with deliberate indifference" under the Fourteenth Amendment. *Kelson*, 1 F.4th at 417. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even

laymen would recognize that care is required." *Stapleton*, 125 F.4th at 749 (cleaned up) (internal quotation marks omitted) (quoting *Sims v. Griffin*, 35 F.4th 945, 949 (5th Cir. 2022)). To establish deliberate indifference, the plaintiff must show that the officer "(1) subjectively knew of a substantial risk of serious harm to the detainee; and (2) responded to that risk with deliberate indifference." *Id*. (internal quotations omitted) (quoting *Ford v. Anderson Cnty*., 102 F.4th 292, 307 (5th Cir. 2024)). "The plaintiff must also demonstrate that 'substantial harm' resulted from that conduct." *Id*. (citing *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020)).

The Fifth Circuit has held that deliberate indifference is an extremely high standard to meet, which "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty*., 245 F.3d 447, 457 (5th Cir. 2001). Instead, "the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Stapleton*, 125 F.4th at 749 (internal quotations omitted) (quoting *Domino v. Tex. Dep't of Crim. Just*., 239 F.3d 752, 756 (5th Cir. 2001)). If multiple officials are named as defendants, each officer's knowledge and response is evaluated individually, to the extent possible. *Id*.

Relevant here is the Fifth Circuit's recent decision in *Stapleton v. Lorzano*, 125 F.4th 743 (5th Cir. 2025), which Plaintiffs failed to address in their opposition. In *Stapleton*, a pre-trial detainee, Stapleton, was being booked for public intoxication. *Id*. at 746. Stapleton told the police officers that he did not feel well and after a few

7

hours, Stapleton died from "combined drug toxicity." *Id.* The officer had placed Stapleton in a holding cell, and then left the police station to assist the police chief with another traffic stop. *Id.* at 748. Upon his return to the station, the officer worked on his report and "'kinda monitor the inmates." *Id.* The officer realized Stapleton was in medical distress when he heard three women in an adjoining holding cell screaming for help. *Id.*

Stapleton's family sued the officers and police chief pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to Stapleton's serious medical needs while in custody. The defendants moved to dismiss the lawsuit based on qualified immunity, which the district court denied but the Fifth Circuit reversed. *Id.* at 746–47.

The Fifth Circuit reversed, holding that "An officer's failure to immediately recognize ambiguous symptoms as a medical emergency does not amount to deliberate indifference, although it might constitute negligence." *Id.* at 749–50. The Fifth Circuit found no deliberate indifference because Stapleton's symptoms were initially ambiguous—"[h]is eyes were bloodshot, his speech was slurred, and he was 'visibly swaying and slightly unsteady on his feet' when he arrived at the jail"—"[t]his behavior did not suggest a 'need for immediate medical attention.'" *Id.* at 750. The Court noted that even Stapleton's cellmate, "remained unaware of [his] condition for about an hour until he tried to pick Stapleton up by his arms and realized that he could not stand." *Id.* The Fifth Circuit also reasoned the complaint did not allege deliberate indifference because there was no allegation that the officer refused treatment, ignored Stapleton's complaints, intentionally treated him incorrectly, or

8

engaged in any conduct that clearly evinced a wanton disregard for Stapleton's serious medical needs. *Id*. Rather, the complaint alleged the officer went to Stapleton's holding cell multiple times to speak to him, and that the officer responded quickly after women in an adjacent holding cell began to scream for help. *Id*.

Unlike the pretrial detainee's symptom in *Stapleton*—bloodshot eyes, slurred speech, visibly swaying, and unsteady on his feet—here, the only alleged symptom Ms. Zar exhibited was that she laid motionless on her bed for 16 hours. Ms. Zar's symptoms amount to tiredness or at the very least intoxication. Lying motionless on a bed, does not suggest a "need for immediate medical attention." *Id*. at 750. The Complaint is devoid of any allegation that any of the Defendants refused to treat Ms. Zar, ignored her complaints, intentionally treated her incorrectly, or engaged in a "wanton disregard of her serious medical needs." *Id*.

Neither does the Complaint allege Chief Randy Fandal, Officer Nicole Dupuy, Officer Andrew Callaway, or Officer Robert Hass subjectively knew of a substantial risk of serious harm to Ms. Zar. In fact, the Complaint appears to infer deliberate indifference merely from a negligent or grossly negligent conduct. (Rec. Doc. 11, at ¶¶ 36, 44, 46) ("Defendants. . .failed to conduct required physical walkthroughs. . ." "Defendants failed to take reasonable steps to prevent the smuggling and distribution of drugs within the facility. . .and neglected to protect Ms. Zar from foreseeable harm, including failing to thoroughly search inmate Blackmon and allowing drugs to be introduced into the jail." "Defendants. . .failed to verify the presence and well-being of all prisoners by performing cell checks every fifteen to twenty minutes. . ."). Taking

9

all the facts in the light most favorable to Ms. Zar, the factual allegations do not rise to the level of deliberate indifference to Ms. Zar's serious medical needs. The Plaintiffs did not sufficiently allege a deliberate indifference claim against each of the Defendants. Thus, the failure to allege a constitutional violation—the first prong of the qualified immunity analysis—forecloses the Plaintiffs' ability to succeed on their deliberate indifference claims against the Defendant officers.

Regarding Plaintiffs' *Monell* claim, the Court finds that the Complaint fails to state a claim for which relief can be sought under *Monell*.

In general, municipalities cannot be held liable solely for employing a tortfeasor; that is, they "cannot be held liable under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, a municipality may be subject to liability pursuant to § 1983 when the municipality maintains an unconstitutional policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 691). "To succeed on a claim of failure to train or supervise, a plaintiff must demonstrate that: (1) the defendant failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Stapleton*, 125 F.4th at 754 (citing *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).

Even if the Complaint did plead a failure to train claim and a failure to supervise claim against the City of Slidell Defendants and Chief Randy Fandal, it

10

fails to sufficiently plead deliberate indifference. Thus, Plaintiffs' complaint does not establish the third prong of the failure to train or supervise claim because there was no violation of Ms. Zar's constitutional rights as discussed—the officers' conduct did not demonstrate a deliberate indifference to Ms. Zar's serious medical needs. *See Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006) ("[This] test cannot be met if there is no underlying constitutional violation."). Further, Plaintiffs allege that the City of Slidell Defendants, acting through its policymakers, "maintained a policy, practice, or custom of allowing correctional officers to disregard essential safety protocols by neglecting both the mandated practice of physically walking through jail cells, instead relying solely on visual inspections via the surveillance system, and the requirement to conduct thorough strip searches of inmates upon entry." (Rec. Doc. 11, at 14). This allegation that such a policy could violate a pretrial detainee's constitutional rights is not enough to overcome qualified immunity. Plaintiffs fail to allege or identify a pattern of similar constitutional violations within the Slidell Police Department, amounting to deliberate indifference to detainees' serious medical needs and substantial harm.

Lastly, the Court finds that Plaintiffs' survival action and wrongful death claims should be dismissed because there is no underlying constitutional violation.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion (Rec. Doc. 17) is **GRANTED** and Plaintiffs claims against defendants, The City of Slidell, Slidell City Jail, Slidell

11

Police Department, Chief of Police Randy Fandal, Officer Nicole Dupuy, Officer Andrew Callaway, and Officer Robert Hass, are **DISMISSED with prejudice**.

New Orleans, Louisiana, this 18th day of July 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE